1

2

3

4

5

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7    JENNIFER CALOIA,

8         Plaintiff,

9         v.

10   NANCY A. BERRYHILL
     (PREVIOUSLY CAROLYN W.
11   COLVIN), Acting Commissioner of
     Social Security,[1]
12
13        Defendant.

No.  1:16-CV-03049-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

14        Before the Court are the parties' cross-motions for summary judgment, ECF

15   Nos. 13 & 17. Ms. Caloia brings this action seeking judicial review, pursuant to 42

16   U.S.C. § 405(g), of the Commissioner's final decision, which denied her

17   application for Disability Insurance Benefits and Supplemental Security Income

18   under Titles II & XVI of the Social Security Act, 42 U.S.C §§ 401-434 & 1381-

19   1383F.  After reviewing the administrative record and briefs filed by the parties,

20

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit. No further action need be taken to continue this suit.  42 U.S.C. § 405(g).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1**

the Court is now fully informed. For the reasons set forth below, the Court

**GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Ms. Caloia's

Motion for Summary Judgment.

## I.    Jurisdiction

Ms. Caloia protectively filed for Disability Insurance Benefits and

Supplemental Security Income on November 14, 2012. AR 17, 202, 211.  Her

alleged onset date is June 30, 2011. AR 204, 211. Ms. Caloia's application was

initially denied on February 11, 2013, AR 115-32, and on reconsideration on May

2, 2013, AR 134-144.

A video hearing with Administrative Law Judge ("ALJ") M. J. Adams

occurred on October 16, 2014, with the ALJ presiding from Seattle, WA, and Ms.

Caloia appearing in Yakima, WA. AR 35-67. On November 24, 2014, the ALJ

issued a decision finding Ms. Caloia ineligible for disability benefits. AR 14-27.

The Appeals Council denied Ms. Caloia's request for review on February 8, 2016,

AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner.

Ms. Caloia timely filed the present action challenging the denial of benefits,

on April 11, 2016. ECF No. 3. Accordingly, Ms. Caloia's claims are properly

before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

1    The Social Security Act defines disability as the "inability to engage in any

2    substantial gainful activity by reason of any medically determinable physical or

3    mental impairment which can be expected to result in death or which has lasted or

4    can be expected to last for a continuous period of not less than twelve months."  42

5    U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

6    under a disability only if the claimant's impairments are of such severity that the

7    claimant is not only unable to do her previous work, but cannot, considering

8    claimant's age, education, and work experience, engage in any other substantial

9    gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) &

10   1382c(a)(3)(B).

11       The Commissioner has established a five-step sequential evaluation process

12   for determining whether a claimant is disabled within the meaning of the Social

13   Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v.*

14   *Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

15       Step one inquires whether the claimant is presently engaged in "substantial

16   gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful

17   activity is defined as significant physical or mental activities done or usually done

18   for profit.  20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in

19   substantial activity, he or she is not entitled to disability benefits.  20 C.F.R. §§

20   404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3**

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.   Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm

simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here. Ms. Caloia was 52 years old at the alleged date of onset. AR 25, 202, 211. She has at least a high school education, and some

college, and is able to communicate in English. AR 25, 41, 234 -36. The ALJ

found Ms. Caloia to suffer from affective disorders, anxiety disorders, back pain,

and obesity. AR 19-20. Ms. Caloia previously worked as an accounting clerk,

portfolio asset manager, and project accountant. AR 25, 62, 236-37, 254.

## V.    The ALJ's Findings

The ALJ determined that Ms. Caloia was not under a disability within the

meaning of the Act from August 1, 2003, her alleged date of onset.  AR 20.

**At step one**, the ALJ found that Ms. Caloia had not engaged in substantial

gainful activity since June 30, 2011 (citing 20 C.F.R. §§ 404.1571 *et seq.* &

416.971 *et seq*.). AR 19.

**At step two**, the ALJ found Ms. Caloia had the following severe

impairments: affective disorders and anxiety disorders (citing 20 C.F.R. §§

404.1520(c) & 416.920(c)). AR 19-20.

At **step three**, the ALJ found that Ms. Caloia did not have an impairment or

combination of impairments that meets or medically equals the severity of one of

the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 20-21.

At **step four**, the ALJ found Ms. Caloia had the residual functional capacity

to perform a full range of work at all exertional levels and she retains the mental

capability to adequately perform the mental activities generally required by

competitive, remunerative work with these limitations: (1) she can perform simple,

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

routine tasks and follow short, simple instructions; (2) she can do work that needs little or no judgment and can perform simple duties that can be learned on the job in a short period of less than 30 days; and (3) she can respond appropriately to supervision, coworkers, and deal with occasional changes in the work environment that requires only occasional exposure to or interaction with the general public. AR 21-22.

The ALJ determined that Ms. Caloia is unable to perform her past relevant work. AR 25.

At **step five**, the ALJ found that, in light of her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform. AR 26.

## VI.    Issues for Review

Ms. Caloia argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) finding Ms. Caloia's back pain and obesity were not severe impairments at step two of the sequential process; (2) improperly discrediting Ms. Caloia's subjective complaint testimony; (3) improperly evaluating the opinions of Mark Duris, Ph.D., David Wood, PA-C, and Derrick Conley, MSW; and (4) finding that Ms. Caloia did not meet a listed impairment at step three of the sequential process.

## VII.   Discussion

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

**A. The ALJ Did Not Err in His Step Two Analysis.**

At step two in the five-step sequential evaluation for Social Security cases, the ALJ must determine whether a claimant has a medically severe impairment or combination of impairments. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (quoting SSR 85-28). An impairment is found to be not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Id*. Step two is generally "a de minimis screening device [used] to dispose of groundless claims," and the ALJ is permitted to find a claimant lacks a medically severe impairment only when the conclusion is clearly established by the record. *Webb v. Barnhart*, 433 F. 683, 687 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996)). In other words, an impairment will only be found severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c).

An impairment or combination of impairments must have lasted for at least twelve continuous months. 20 C.F.R. §§ 416.905, 416.912, *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001). Importantly, the alleged impairment must result from anatomical, physiological, or psychological abnormalities shown by medically acceptable clinical and laboratory diagnostic techniques and not only by

1  Plaintiff's statements regarding her symptoms. 20 C.F.R. § 416.908; *Ukolov v.*

2  *Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005).

3          As part of the sequential evaluation process, the ALJ considered Ms.

4  Caloia's complaints of back pain. AR 19-25. The ALJ found Ms. Caloia's

5  complaints of back pain to be non-severe, and found no evidence of significant

6  limitations stemming from the claimed low back pain. AR 19-20. The ALJ notes

7  an April 2012 examination by Mr. David Wood PA-C, which indicated decreased

8  lumbar mobility but provided no indication of the extent of any limitations. AR 19,

9  334. Additionally, a June 2013 MRI showed grade I to II anterolisthesis; while the

10  remainder of the imaging report showed only mild or unremarkable results. AR 19-

11  20, 539. The ALJ notes, that on July 29, 2013, physical examinations findings

12  were normal, with a normal heel to toe gait pattern; normal tandem gait; full

13  strength, sensation, and reflexes throughout the lumbar spine; straight leg raise was

14  negative; and FABER testing was negative. AR 20, 569-70. On July 2, 2014, Mr.

15  Wood stated that Ms. Caloia did not have any physical conditions which were

16  likely to cause pain. AR 24, 782. Importantly, Ms. Caloia testified that she only

17  experiences back pain sometimes due to flare-ups and it doesn't bother her when

18  standing. AR 50, 55. Further, as will be discussed below, the ALJ properly

19  discounted Ms. Caloia's subjective information and complaints as not credible. AR

20  22-24.  Additionally, Dr. Stewart M. Kerr, MD, stated that Ms. Caloia could safely

1    participate in all activities without restriction. AR 20, 571. And she may

2    periodically experience worsened low back pain that normally is transient. AR 571.

3        If the evidence in the record "is susceptible to more than one rational

4    interpretation, [the court] must uphold the ALJ's findings if they are supported by

5    inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111. The ALJ

6    reasonably determined that Ms. Caloia's claimed back pain is not a severe

7    impairment as it does not significantly limit her ability to perform basic work

8    actives. 20 C.F.R. § 416.920(c); *Edlund*, 253 F.3d at 1159. Ms. Caloia has not met

9    her burden of establishing she has a back impairment that has more than a minimal

10   effect on her ability to work. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

11       As the ALJ noted, the record demonstrates that Ms. Caloia suffers from

12   obesity, with a body mass index of 39. AR 20. The ALJ considered this condition

13   and its effects and found Ms. Caloia's obesity to be non-severe at step two of the

14   sequential process, and he found no evidence of significant functional limitations

15   stemming from this condition. AR 19-20. The ALJ determined, that while Ms.

16   Caloia is obese, the record does not demonstrate that she has developed any

17   additional or secondary complications due to her weight. AR 20.

18       Ms. Caloia mentions possible effects of obesity in general, but she does not

19   provide any evidence of actual limitations. In addition, as will be discussed below,

20   the ALJ properly discounted Ms. Caloia's subjective information and complaints

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

as not credible. AR 22-24. Ms. Caloia has not met her burden of establishing that her obesity has more than a minimal effect on her ability to work. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). The ALJ properly determined that there is no evidence in the record that Ms. Caloia's obesity resulted in any complications or functional limitations, and properly determined that Ms. Caloia's obesity is not a severe impairment as it does not significantly limit her ability to perform work activities. 20 C.F.R. § 416.920(c); *Edlund*, 253 F.3d at 1159.

Importantly, because the ALJ found Ms. Caloia to suffer from at least one severe impairment, this case was not resolved at step two and the analysis did not end there.

**B. The ALJ Properly Discounted Ms. Caloia's Credibility.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999).

Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Ms. Caloia alleges; however, the ALJ determined that Ms. Caloia's statements regarding intensity, persistence, and limiting effects of the symptoms not entirely credible. AR 22.

**1. Ms. Caloia's daily activities.**

The ALJ noted several activities of daily living that are inconsistent with Ms. Caloia's allegations of her level of impairment. In particular, the ALJ noted: Ms. Caloia applied to colleges in January, she began online classes for an accounting degree, and was having minimal anxiety surrounding her school enrollment. AR 23, 655, 737, 739. In addition, the ALJ noted that Ms. Caloia volunteered at the Horizons Club for the Information Management Unit, imputing

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**

data into a spreadsheet, consistently volunteering 3 to 4 days a week, arriving

ready and focused to work and appropriate socializing while working, and

provided support to colleagues. AR 23, 727, 729, 731, 733, 737, 741, 743. These

activities are inconsistent with someone that alleges disabling anxiety and affective

disorders. The Ninth Circuit has recognized that daily activities transferable to a

work setting or contradictory to other testimony as grounds for adverse credibility

determination. *Orn v, Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

In addition, the record shows other activities that are inconsistent with the

alleged disabilities. For example, Ms. Caloia testified that she consistently shops

with a friend, and while she was terminated from an accounting job, she was not

terminated due to the alleged disabilities, and while working she maintained a

consistent schedule for six weeks.  AR 42-45

The Court does not find the ALJ erred when assessing Ms. Caloia's

credibility because her activities of daily living are inconsistent with her alleged

impairments.

## 2.  Inconsistency with the record and inconsistency with other evidence.

The ALJ noted that the records do include reports when Ms. Caloia suffered

symptoms of her impairments; however, the ALJ asserted that the overall record

does not support her allegations of disability. AR 22-23. The ALJ provided a

detailed list of the medical records and Ms. Caloia's symptoms and condition from

November 2011 to September 2014, noting that her symptoms did increase during trying periods of her life, such as losing family members and moving, but that her records generally demonstrated unremarkable findings, normal mood, and improvement. AR 22-23. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098.

While the ALJ did not find affirmative evidence of malingering, he did note that a treatment record from February 2014 stated that Ms. Caloia felt the closure of her treatment at Comprehensive Mental Health would reflect negatively on her disability application. AR 23, 651. The ALJ stated that this does give rise to the inference that Ms. Caloia presented as worse off than she actually was at appointments so that she would not have to end the services. AR 23.

Although Ms. Caloia claimed disability since June 2011, the ALJ noted that she stopped working for non-disability reasons. AR 23. Ms. Caloia stated that she was laid off from her job in California and had to move up to Washington to care for her ailing family. AR 23, 294, 365. The fact that Plaintiff stopped work for reasons other than her impairments is a sufficient basis to discredit testimony. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15**

1    Thus, the Court does not find the ALJ erred when assessing Ms. Caloia's

2  credibility because her reported disabling impairments are inconsistent with the

3  record as a whole.

4  **C. The ALJ Properly Weighed the Medical Evidence.**

5    **1.  Legal Standard.**

6    The Ninth Circuit has distinguished between three classes of medical

7  providers in defining the weight to be given to their opinions: (1) treating

8  providers, those who actually treat the claimant; (2) examining providers, those

9  who examine but do not treat the claimant; and (3) non-examining providers, those

10  who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th

11  Cir. 1996) (as amended).

12    A treating provider's opinion is given the most weight, followed by an

13  examining provider, and finally a non-examining provider. *Id*. at 830-31. In the

14  absence of a contrary opinion, a treating or examining provider's opinion may not

15  be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a

16  treating or examining provider's opinion is contradicted, it may only be discounted

17  for "specific and legitimate reasons that are supported by substantial evidence in

18  the record." *Id*. at 830-31.

19    The ALJ may meet the specific and legitimate standard by "setting out a

20  detailed and thorough summary of the facts and conflicting clinical evidence,

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 16

1    stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881

2    F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating

3    provider's opinion on a psychological impairment, the ALJ must offer more than

4    his or her own conclusions and explain why he or she, as opposed to the provider,

5    is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

6        **2.  Dr. Duris.**

7        Dr. Mark Duris, MD, was an examining doctor that completed a

8    psychological evaluation for the Washington State Department of Social and

9    Health Services in October 2012. AR 311-15. Dr. Duris diagnosed major

10   depressive disorder, recurrent (marked severe without psychosis) and generalized

11   anxiety disorder. AR 313. He completed a medical source statement, opining that

12   Plaintiff had severe limitations in three activities and marked impairments in five

13   activities. AR 313-14.

14       While the ALJ did not completely discount Dr. Duris' opinion, it was

15   afforded less weight. AR 24. The ALJ noted that Dr. Duris' examination occurred

16   during a time when Ms. Caloia was going through the loss of two family members,

17   which Dr. Duris noted had a "major impact" on Ms. Caloia's life. AR 24, 312.

18   Furthermore, Dr. Duris opined that the limitations he assessed Ms. Caloia would

19   only last six to eight months, suggesting that Ms. Caloia's limitations were caused

20   by her recent losses. AR 24, 314. Additionally, the ALJ directed that while Ms.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17**

Caloia was grieving, Dr. Duris' mental examination of Ms. Caloia documented that her mental status was within normal limits. AR 24, 315. On examination, Plaintiff had adequate grooming and hygiene; her speech was normal; she presented as open, cooperative, and genuinely sincere; her mood was generally depressed and grieving; and her affective expression was labile. AR 315. Dr. Duris found Ms. Caloia was within normal limits in all categories: thought process and content, orientation, perception, memory, fund of knowledge, concentration, abstract thought, and insight and judgment. AR 315.

The opinion of Dr. Duris is contradicted by two later non-examining doctors, John F. Robinson, PhD, and Jan L. Lewis, PhD. AR 71-88, 92-113. In assigning less weight to Dr. Duris' opinion, the ALJ supported the determination with specific and legitimate reasons supported by substantial evidence in the record. Thus, the ALJ did not err in his consideration of Dr. Duris' opinion.

**D. The ALJ Properly Considered the Opinion Evidence of Mr. Conley and Mr. Wood.**

The opinion testimony of Derrick Conley, a licensed social worker, and the opinion testimony of David Wood, a physicians' assistant, falls under the category of "other sources." "Other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to

"consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996).

An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993). The ALJ provided germane reasons to discount the opinion testimony of Mr. Conley and Mr. Wood.

### 1. Mr. Conley.

In his decision, the ALJ afforded "little weight" to Mr. Conley's opinion that Ms. Caloia had moderate to marked limitations in cognitive and social functions, would be off task 21-30% of the time, and would miss three days of work per month. AR 25, 816-19. The ALJ stated that Mr. Conley's opinion is "inconsistent with the longitudinal evidence." AR 25.

As stated *supra*, the ALJ previously provided a detailed list of the medical records, including those from Mr. Conley, documenting Ms. Caloia's symptoms and condition from November 2011 to September 2014, noting that her symptoms did increase during trying periods of her life, such as losing family members and

1  moving, but that her records generally demonstrated unremarkable findings,

2  normal mood, and improvement. AR 22-23.

3        Mr. Conley attributed significant limitations to Ms. Caloia's impairments.

4  AR 816-819. However, as the ALJ notes, this is inconsistent with the record as a

5  whole which indicates that Ms. Caloia was improving. AR 25. The ALJ points to

6  several examples demonstrating that the limitations are inconsistent with the

7  evidence: Ms. Caloia has demonstrated intact memory with immediate, recent, and

8  remote recall; she exhibits normal attention and concentration; and she has

9  demonstrated appropriate behavior. *Id*. In addition, while at Horizons, Ms. Caloia

10  engaged in socially appropriate activity and interacted well with her colleagues,

11  and she interacts appropriately with treatment providers. *Id*. Finally, the ALJ notes

12  that Mr. Conley stated that while Ms. Caloia had not yet met her treatment goals,

13  she was about to meet them and only needed a few maintenance sessions. AR 25,

14  810.

15        Importantly, if the evidence in the record "is susceptible to more than one

16  rational interpretation, [the court] must uphold the ALJ's findings if they are

17  supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at

18  1111; *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the

19  "evidence is susceptible to more than one rational interpretation, one of which

20  supports the ALJ's decision, the conclusion must be upheld"). Accordingly, as the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20**

Ninth Circuit has held, an ALJ may discount an "other source" opinion, such as Mr. Conley's, so long as there were "reasons germane to [him] for doing so." *Molina*, 674 F.3d at 1111. The germane-reasons standard imposes a minimal obligation on the ALJ. *See, e.g., Adams v. Astrue*, No. 08-1449, 2010 WL 761239, at *3 n.2 (C.D. Cal. Mar. 1, 2010) (describing standard as "low"). The ALJ properly discounted Mr. Conley's opinion and satisfied this standard.

**2. Mr. Wood.**

The ALJ afforded "no weight" to the opinion of Mr. Wood that Ms. Caloia is limited to sedentary work and would miss 4 days of work per month. AR 24, 782-84. In Mr. Wood's three-page questionnaire response in 2014, comprised of a check list and limited references to Ms. Caloia's symptoms, Mr. Wood did not identify and diagnose any physical limitations that would explain a limitation to sedentary work. AR 24, 782. Mr. Wood also stated that Ms. Caloia had no physical or mental conditions that were likely to cause pain. AR 24-25, 782. Mr. Wood did not state any diagnosis in the questionnaire, except depression and anxiety; nor did he identify any basis or objective evidence to support his opinion. AR 782-84.

Additionally, as discussed *supra*, the ALJ determined that Ms. Caloia's complaints of back pain are non-severe as she does not have resulting functional limitations. AR 25. The ALJ also directed that the limitation regarding absences is not supported as Ms. Caloia has repeatedly demonstrated that she is able to

1    consistently attend work and has regularly attended counseling appointments

2    without attendance problems. *Id.*

3         Again, if the evidence in the record "is susceptible to more than one rational

4    interpretation, [the court] must uphold the ALJ's findings if they are supported by

5    inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104,

6    1111 (9th Cir. 2012). The ALJ properly provided germane reasons for discounting

7    Mr. Wood's opinion.

8    **E.  The ALJ Did Not Err in Finding That Ms. Caloia Did Not Meet a**

9    **Listing.**

10        Ms. Caloia contends that her impairments meet the criteria of the "B" or "C"

11   listings. A claimant is presumptively disabled and entitled to benefits if he or she

12   meets or equals a listed impairment. The listings describe, for each of the major

13   body systems, impairments which are considered severe enough alone to prevent a

14   person from performing gainful activity. 20 C.F.R. §§ 404.1525, 416.925.

15        At step three of the sequential evaluation process, it is the claimant's burden

16   to prove that her impairments meet or equal one of the impairments listed. *Oviatt v.*

17   *Com'r of Soc. Sec. Admin.*, 303 F. App'x 519, 523 (9th Cir. 2008); *Hoopai v.*

18   *Astrue*, 499 F.3d 1071, 1074–75 (9th Cir.2007); *Burch v. Barnhart*, 400 F.3d 676,

19   683 (9th Cir.2005). To meet a listed impairment, a disability claimant must

20   establish that her condition satisfies each element of the listed impairment in

question. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999). To equal a listed impairment, a claimant must establish symptoms, signs, and laboratory findings at least equal in severity and duration to each element of the most similar listed impairment. *Tackett*, 180 F.3d at 1099-1100 (quoting 20 C.F.R. 404.1526).

The degrees of severity of a claimant's functional limitations are assessed using the four criteria in paragraph B of the listings (the "B criteria"): activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. See 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00C. The B criteria are met when at least two of the following are met: marked limitations in activities of daily living; marked limitations in social functioning; marked limitations in concentration, persistence, or pace; or repeated episodes of decompensation. The ALJ made specific findings in each of the four functional areas, per 20 C.F.R. §§ 404.1520a, 416.920a. AR 20-21. In activities of daily living, the ALJ found a mild restriction. In social functioning, the ALJ found moderate difficulties. With regard to concentration, persistence or pace, the ALJ found moderate difficulties. The ALJ found no documented episodes of decompensation of extended duration. AR 21. The ALJ also appropriately found and documented that the paragraph C criteria and listing 12.06 are not met. AR 21.

1    Importantly, Ms. Caloia's listing arguments are based only on the

2 acceptance of Mr. Conley's opinion. However, as directed *supra*, the ALJ properly

3 discounted that opinion. Additionally, the ALJ's findings are also supported by the

4 medical opinions of State agency reviewing psychologists, John Robinson, Ph.D.,

5 and Jan Lewis, Ph.D., who determined, after reviewing the evidence, that Ms.

6 Caloia's mental impairments did not met or equal a listed impairment. AR 20, 74-

7 75, 97-98.

8    The ALJ properly considered whether Ms. Caloia's impairments met a

9 listing and did not err in determine that no listing was met.

## VIII.  Conclusion

11    Having reviewed the record and the ALJ's findings, the Court finds the

12 ALJ's decision is supported by substantial evidence and is free from legal error.

13 Accordingly, **IT IS ORDERED:**

14    1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED.**

15    2. Defendant's Motion for Summary Judgment, **ECF No. 17,** is

16 **GRANTED.**

17    ///

18    ///

19    ///

20    ///

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 24**

1      3.  **Judgment shall be entered in favor of Defendant** and the file shall be

2  **CLOSED**.

3  **IT IS SO ORDERED.** The District Court Executive is directed to enter this Order,

   forward copies to counsel and **close the file**.

4
       **DATED** this 27ᵗʰ day of January, 2017.
5

6

7                              *s/Robert H. Whaley*
                              ROBERT H. WHALEY
                           Senior United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT ~ 25**